UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WADE CANELL,

        *Plaintiff,*

v.

BRET AUGER, et al.,

        *Defendants.*
_____/

Case No. 1:25-cv-13352

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**ORDER
DENYING PLAINTIFF'S MOTION TO
ACCEPT EXHIBITS BY REFERENCE (ECF No. 2)
AND
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL COMPLAINT (ECF No. 17) AND DIRECTING THE
FILING OF COMPREHENSIVE FIRST AMENDED COMPLAINT**

**I.    Introduction**

This is a civil rights case under 42 U.S.C. § 1983 brought by a *pro se* litigant. (ECF No. 1). Before the Court are two motions filed by Plaintiff: (1) motion to accept exhibits by reference (ECF No. 2) and (2) motion for leave to file a supplemental complaint (ECF No. 17).[1] For the following reasons, the first motion will be **DENIED**, and the second will be **GRANTED**. Further, Plaintiff will be

---

[1] A second motion for leave to file a supplemental complaint was docketed on December 8, 2025. (ECF No. 19). As this motion appears duplicative of Plaintiff's December 1 motion requesting the same relief, this motion is deemed **RESOLVED** by this Order and shall accordingly be **TERMINATED** on the docket.

**DIRECTED** to file a comprehensive first amended complaint.

## II.    Motion to Accept Exhibits by Reference

Plaintiff filed his original complaint on October 21, 2025.  (ECF No. 1).  On the same day, he filed a motion to accept exhibits by reference wherein he explains that he is unable to file exhibits in support of his complaint, "[d]ue to the substantial volume, digital nature, and evidentiary weight of the exhibits—many of which include forensic blockchain tracing, police correspondence, and verified communications with law enforcement and financial entities—full attachment within the initial electronic filing would exceed the Court's size limitations and risk file corruption."  (ECF No. 2).  As will be explained, the types of exhibits that Plaintiff seeks to attach to his complaint are improper.

> As one district court recently explained:
>
> The term "pleadings" includes both the complaint and answer, Fed. R. Civ. P. 7(a), and "[a] copy of a written instrument which is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "A 'written instrument' within the meaning of Rule 10(c), is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement." *Cote v. NewRez, LLC*, No. 1:18-cv-52, 2021 WL 1840563, at *3 (M.D. Tenn. May 7, 2021) (quoting *Steverson v. Walmart*, No. 3:19-cv-140, 2019 WL 3822179, at *2 (M.D. Tenn. Aug. 15, 2019) (further citation omitted)); *see Instrument*, Black's Law Dictionary (5th pocket ed. 2016) (defining "instrument" as a "written legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate").

*Ohio Sec. Ins. Co. v. Brakefire, Inc.*, No. 5:24-CV-267, 2024 WL 2816024, at *3

(N.D. Ohio June 3, 2024); *see also LaGuardia v. Designer Brands Inc.*, No. 2:20-CV-2311, 2020 WL 6280910, at *4 (S.D. Ohio Oct. 27, 2020) (explaining that because "the Sixth Circuit has not defined 'written instrument' " courts in that "district have therefore relied upon the definition of 'instrument' set forth in Black's Law Dictionary (11th ed. 2019), as 'a written legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate.' " (citations omitted)). "[W]itness affidavits and other exhibits containing largely evidentiary material typically do not fall within Rule 10(c)'s category of 'written instruments.' " *Montgomery v. Buege*, No. CIV. 08-385 WBS KJM, 2009 WL 1034518, at *3 (E.D. Cal. Apr. 16, 2009).

Some of Plaintiff's proposed exhibits are not documentary in nature, *e.g.*, forensic block chain testing, and it is unclear whether all of the proposed exhibits are even in writing, or whether some are in other formats such as audio or video. Regardless, because Plaintiff's proposed exhibits are not "written instruments" and instead appear to be evidentiary material, he may not attach them to his complaint. *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 (4th ed.) ("Of course, lengthy or numerous exhibits containing extraneous or evidentiary material should not be attached to the pleadings.") (collecting cases); *see also Steverson*, 2019 WL 3822179, at *3 ("This e-mail is not a 'written instrument' under Federal Rule of Civil Procedure 10(c), because it does not evidence legal

3

rights or duties or give formal expression to any legal act or agreement, such as a statute, contract, will, lease, promissory note, share certificate, or other formal agreement."); *LaGuardia*, 2020 WL 6280910, at *5 (granting motion to strike attachments to a pleading where "[n]one of [the] documents define[d] rights, duties or liabilities and none [were] a contract, note, deed, will, bond, or lease"). Accordingly, Plaintiff's motion to accept exhibits by reference (ECF No. 2) is denied.

### III. Motion to for Leave to File Supplemental Complaint

After initiating this lawsuit, Plaintiff began serving Defendants. The docket reflects that service on the first group of Defendants was effectuated on November 12, 2025. (*See* ECF No. 11). On December 1, 2025, Plaintiff filed a motion for leave to file a supplemental complaint. (ECF No. 17).

Under Federal Rule of Civil Procedure 15(a)(1)(A), Plaintiff had 21 days after serving his complaint to amend once as a matter of course. Plaintiff's motion for leave to file a supplemental complaint was filed before the 21-day period expired. As such, Plaintiff's motion is granted.

To reduce undue confusion, Plaintiff must combine his original complaint and supplemental complaint (without attempting to include the exhibits discussed above) into a single document setting forth all allegations and claims. Accordingly, Plaintiff shall file a **comprehensive first amended complaint**—adhering to these

4

requirements as well as the general rules for pleadings—on or before **January 6, 2026**.

## IV. Conclusion

For the above reasons, Plaintiff's motion to accept exhibits by reference (ECF No. 2) is **DENIED**, Plaintiff's motion for leave to file a supplemental complaint (ECF No. 17) is **GRANTED**, and Plaintiff is hereby **DIRECTED** to file a **comprehensive first amended complaint by January 6, 2026**. Finally, Plaintiff is **CAUTIONED** that failure to file a timely first amended complaint may result in a recommendation that the case be dismissed under the Court's inherent authority to dismiss an action for a party's failure to prosecute or obey a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962); Fed. R. Civ. P. 41(b); E.D. Mich. LR 42.

**IT IS SO ORDERED.**

Date: December 16, 2025                         s/PATRICIA T. MORRIS
                                                Patricia T. Morris
                                                United States Magistrate Judge